IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. Ethernet Innovations, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File |
| | ) | |
| vs. | ) | |
| | ) | No. 6:10cv86 |
| AT&T Inc.; Barnes & Noble, Inc.; | ) | |
| Claire's Stores, Inc.; J. C. Penney | ) | |
| Company, Inc.; Sally Beauty Holdings, | ) | |
| Inc.; and Home Depot U.S.A., Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff U.S. Ethernet Innovations, LLC ("USEI") hereby makes this Complaint for patent infringement against Defendants AT&T Inc.; Barnes & Noble, Inc.; Claire's Stores, Inc.; J. C. Penney Company, Inc.; Sally Beauty Holdings, Inc.; and Home Depot U.S.A., Inc. (collectively, "Defendants"), respectfully showing the Court as follows:

## NATURE OF THE ACTION

1.     Plaintiff USEI is a Tyler, Texas-based company that owns the fundamental ethernet technology developed by 3Com Corporation in the 1990s. USEI owns United States Patent Nos. 5,307,459 (the "'459 Patent"), 5,434,872

(the "'872 Patent"), 5,732,094 (the "'094 Patent"), and 5,299,313 (the "'313 Patent").

2.     Each Defendant has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '459 Patent, the '872 Patent, the '094 Patent, and/or the '313 Patent in systems and methods without USEI's permission.

3.     Plaintiff USEI seeks damages for each Defendant's infringement of the '459 Patent, the '872 Patent, the '094 Patent, and/or the '313 Patent.

## **PARTIES**

4.     Plaintiff USEI is a Texas limited liability corporation.  USEI's principal place of business is in Tyler, Texas.

5.     On information and belief, AT&T Inc. ("AT&T") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 208 S. Akard St., Dallas, Texas 75202.  AT&T can be served with process through its registered agent, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201-4240.

6.     On information and belief, Barnes & Noble, Inc. ("Barnes & Noble") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 122 Fifth Ave., New York, New York 10011-5605.

Barnes & Noble can be served with process through its registered agent, Capitol Corporate Services, Inc., 800 Brazos St., Suite 400, Austin, Texas 78701-2548.

7.     On information and belief, Claire's Stores, Inc. ("Claire's") is a corporation organized and existing under the laws of Florida, with a principal place of business at 3 S.W. 129th Ave., Pembroke Pines, Florida 33027.  Claire's can be served with process through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, Florida 33324-4413.

8.     On information and belief, J. C. Penney Company, Inc. ("J. C. Penney") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 6501 Legacy Drive, Plano, Texas 75024-3698.  J. C. Penney can be served with process through its registered agent, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201-4240.

9.     On information and belief, Sally Beauty Holdings, Inc. ("Sally Beauty") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3001 Colorado Boulevard, Denton, Texas 76210. Sally Beauty can be served with process through its registered agent, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201-4240.

10.     On information and belief, Home Depot U.S.A., Inc. ("Home Depot") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 2455 Paces Ferry Rd., Atlanta, Georgia 30339-1834.

Home Depot can be served with process through its registered agent, Corporation

Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th

St., Suite 620, Austin, Texas 78701-3334.

## JURISDICTION AND VENUE

11.    This is an action for patent infringement arising under the patent laws

of the United States, 35 U.S.C. § 101 *et seq*.

12.    This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.    Venue is proper in this judicial district because each Defendant is a

corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§

1391(b)-(c).

14.    On information and belief, Defendants are subject to this Court's

general and specific personal jurisdiction consistent with the principles of due

process and/or the Texas Long Arm Statute, due at least to their substantial

business in this forum, including: (1) a portion of the infringements alleged herein,

including making, using, importing, selling, and/or offering to sell products,

methods, and systems that infringe the claims of the '459 Patent, the '872 Patent,

the '094 Patent, and/or the '313 Patent; (2) the presence of established distribution

channels in this forum; and (3) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## PATENTS-IN-SUIT

15.     The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '459 Patent is attached hereto as Exhibit A.

16.     The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

17.     The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '094 Patent is attached hereto as Exhibit C.

18.     The '313 Patent, entitled "Network Interface with Host Independent Buffer Management," was duly and legally issued on March 29, 1994 by the U.S.

Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo. A true and correct copy of the '313 Patent is attached hereto as Exhibit D.

19.    USEI is the sole owner of the entire right, title, and interest in the '459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent (collectively, the "Patents-in-Suit") by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

**COUNT I**

**<u>PATENT INFRINGEMENT</u>**

20.    USEI restates and realleges the allegations set forth in paragraphs 1 through 19 of this Complaint and incorporates them by reference.

21.    Without a license or permission from USEI, Defendants infringed and continue to infringe one or more claims of the '459 Patent, the '872 Patent, the '094 Patent, and/or the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, one or more of the following products: laptop computers, point-of-sale equipment, personal computers, computer servers, copiers, and printers. The acts of infringement by the Defendants have caused damage to USEI, and USEI is entitled to recover from

the Defendants for damages sustained by USEI in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the Patents-in-Suit by the Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The Defendants have had actual or constructive knowledge of the Patents-in-Suit, yet continue to infringe said patents. The infringement of the Patents-in-Suit by the Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, USEI prays for the following relief against Defendants:

A.    A judgment that Defendants, as set forth above, have infringed the '459 Patent, the '872 Patent, the '094 Patent, and/or the '313 Patent;

B.    An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

C.    An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants, and each of them, as a result of Defendant's willful infringement;

D.    A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them,

from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, the '872 Patent, the '094 Patent, and/or the '313 Patent, as set forth herein;

E.    A judgment and order requiring Defendants, and each of them, to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

F.    A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

G.    Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 10th day of March, 2010.

WARD & SMITH LAW FIRM

/s/ Wesley Hill
Wesley Hill
(State Bar No.  24032294)
T. John Ward, Jr.
(State Bar No. 00794818)
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com

and

John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
**Coughlin Stoia Geller**
     **Rudman & Robbins, LLP**
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com
pjones@csgrr.com
jjackson@csgrr.com

Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC