IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC, | |
| Plaintiff, | Civil Action No. 6:10-cv-86 LED |
| v. | |
| AT&T Mobility, LLC; Barnes & Noble, Inc.; Claire's Boutiques, Inc.; J.C. Penney Company, Inc.; Sally Beauty Holdings, Inc.; Home Depot U.S.A., Inc.; Ann Taylor Stores Corporation; Ann Taylor Retail, Inc.; Harley-Davidson, Inc.; Harley-Davidson Motor Company, Inc.; Kirkland's Inc.; Kirkland's Stores, Inc.; Macy's, Inc.; Macy's Retail Holdings, Inc.; Macy's West Stores, Inc.; New York & Company, Inc.; Lerner New York, Inc.; RadioShack Corporation; Rent-A-Center, Inc.; Target Corporation; and The Dress Barn, Inc., | |
| Defendants. | |

**NEW DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants Ann Taylor Stores Corporation, Ann Taylor Retail, Inc., Claire's Boutiques, Inc., Harley-Davidson, Inc., Harley-Davidson Motor Company, Inc., Kirkland's Inc., Kirkland's Stores, Inc., Macy's, Inc., Macy's Retail Holdings, Inc., Macy's West Stores, Inc., New York & Company, Inc., Lerner New York, Inc., RadioShack Corporation, Rent-A-Center, Inc. and The Dress Barn, Inc., (collectively the "New Defendants") [1] respectfully file this Reply in Support of Defendants' Joint Motion to Dismiss Plaintiff U.S. Ethernet Innovations, LLC's ("USEI")

---

[1] The originally named Defendants AT&T Mobility, LLC, Barnes & Noble, Inc., J.C. Penney Company, Inc., Sally Beauty Holdings, Inc. and Home Depot U.S.A., Inc. previously filed a similar motion to dismiss Plaintiff's Amended Complaint which has been fully briefed and pending decision [see DI Nos. 76, 121 and 128].

462484.1

Amended Complaint for Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(6).

## ARGUMENT

As described by Plaintiff in its Opposition to New Defendants' Joint Motion to Dismiss (Docket No. 150), the New Defendants, in their Motion to Dismiss, adopted and incorporated by reference the arguments and legal support contained in the Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Docket No. 76) and Reply in Support of Defendants' Motion to Dismiss (Docket No. 128) filed by Defendants AT&T Mobility, LLC, Barnes & Noble, Inc., J.C. Penney Company, Inc., Sally Beauty Holdings, Inc., and Home Depot U.S.A., Inc. (collectively the "Original Defendants"). Likewise, Plaintiff, in its Opposition, adopted and incorporated by reference the arguments and legal support contained in its Response in Opposition to the Original Defendants' Joint Motion to Dismiss (Docket No. 121) and its Sur-reply in Opposition to the Original Defendants' Joint Motion to Dismiss (Docket No. 129). This reply, therefore, will focus on the arguments presented in the Plaintiff's Sur-reply in Opposition to the Original Defendants' Joint Motion to Dismiss (Docket No. 129), as they are the only arguments to which neither the Original Defendants nor the New Defendants have already responded.

      **A.    USEI Is Wrong When It States that *Landmark Tech.* Does Not Support Defendants' Position**

USEI misinterprets *Landmark Tech.* when it claims that the complaint in that case was rejected only because the phrase "products and services using electronic commerce systems" was too vague in a way that "laptop computers and point-of-sale systems" is not. In fact, Judge Davis rejected Landmark's complaint not simply for insufficiently precise wording, but because it "fails to inform [the defendant] as to what it must defend." The Court continued that it "has high

expectations of a plaintiff's preparedness before it brings suit," and finally said that the Court "expects that [plaintiff] already has sufficient knowledge of facts that it can include in its complaint that would give [defendant] sufficient notice of the claims alleged against it." *Landmark Tech. LLC v. Aeropostale*, Civ. No. 6:09-CV-262, Mem. Op. and Order, Dkt. No. 122, at 6 (E.D. Tex. Mar. 29, 2010). This is precisely the same problem as in the instant case: the complaint is entirely unclear, and the defendants have no notice of the claims alleged against them, which claims apply to which defendants, or how they have allegedly infringed.

### B. USEI's Informal Request for Information Is Relevant

*Landmark Tech.* also demonstrates the relevance of USEI's informal letter request for information sent to all defendants. Specifically, it highlights USEI's insufficient preparedness before bringing suit. USEI does not know the "facts that it can include in its complaint to give the defendants sufficient notice of the claims alleged," or else it would not need to ask the defendants to identify the computer hardware they own. *Landmark* at 6. USEI should already at least have *some* idea which products each defendant owns that it claims infringe its patents, instead of suing first and then looking to figure the details out through subsequent requests for information.

### C. USEI's Reliance on *Tune Hunter* and *Eolas* Is Misplaced

While it is true that *Tune Hunter* was a multi-defendant case, and *Eolas* was a multi-patent case, that is not sufficient to make their circumstances equivalent to those in the present case. USEI claims that the defendants are asking for a heightened pleading standard, but that too is incorrect. The defendants are entitled to the same pleading standard as in *Tune Hunter*, *Eolas*, and *Landmark Tech.*: "sufficient notice of the claims alleged against" them. In *Tune Hunter* and *Eolas*, that standard was satisfied, even though there may have been more than one patent or more than one defendant, because the pleadings were clear. In this case, due partly to the large

number of defendants, patents, and claims, but mostly to the single vague paragraph claiming infringement in the most general possible terms, USEI has not met the pleading standard.

## CONCLUSION

As the foregoing demonstrates, USEI's Amended Complaint fails to meet the basic pleading standard because it does not give the defendants sufficient notice of the claims alleged against them. We ask that the Court dismiss the complaint in its entirety.

Dated:   August 19, 2010                                   Respectfully submitted,

*/s/ Melvin R. Wilcox*_____
Melvin R. Wilcox
State Bar No. 21454800
YARBROUGH WILCOX, PLLC
100 E. Ferguson, Suite 1015
Tyler, Texas 75702
Tel:  (903) 595-1133
Fax: (903) 595-0191
mrw@yw-lawfirm.com

-and-

Anthony F. Lo Cicero (*pro hac vice*)
Richard S. Mandaro (*pro hac vice*)
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY  10016
Tel:  (212) 336-8000
Fax: (212) 336-8001
alocicero@arelaw.com
rmandaro@arelaw.com

**ATTORNEYS FOR DEFENDANTS MACY'S, INC., MACY'S RETAIL HOLDINGS, INC. AND MACY'S WEST STORES, INC.**

*/s/  G. Scott Thomas w/ permission*_____
G. Scott Thomas (TN Bar No. 10133)
Wendee Hilderbrand (TN Bar No. 23688)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel:  (615) 742-6200
Fax:  (615) 742-2743
whilderbrand@bassberry.com

**ATTORNEYS FOR DEFENDANTS
KIRKLAND'S INC. AND
KIRKLAND'S STORES, INC.**


*/s/  Jeffrey F. Yee w/ permission*_____
Jeffrey K. Joyner (*pro hac vice*)
Jeffrey F. Yee (*pro hac vice*)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Tel: 310-586-7700
Fax: 310-586-7800
joynerj@gtlaw.com
yeej@gtlaw.com

-and-

Dwayne LeRoy Mason (Texas Bar No. 00787977)
Ira R. Hatton (Texas Bar No. 24054282)
1000 Louisiana, Suite 1700
Houston, Texas 77002
masondl@gtlaw.com

**ATTORNEYS FOR DEFENDANT
RENT-A-CENTER, INC.**

*/s/ V. Bryan Medlock, Jr_ w/ permission*_____
V. Bryan Medlock, Jr.
State Bar No. 13897000
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois  60606
Tel: (312) 463-5000
Fax: (312) 463-5001
bmedlock@bannerwitcoff.com


**ATTORNEY FOR DEFENDANTS,
HARLEY DAVIDSON, INC. AND HARLEY-
DAVIDSON MOTOR COMPANY, INC.**


*/s/ Jeff Eichen w/ permission*_____
Jeffrey L. Eichen, admission *pro hac vice* pending
CONNOLLY BOVE LODGE & HUTZ, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Tel:  (302) 888-6304
Fax: (302) 658-5614
jeichen@cblh.com


-and-

*/s/ Melissa Smith w/ permission*_____
Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com


**ATTORNEYS FOR DEFENDANT
THE DRESS BARN, INC.**

*/s/  John Guaragna w/ permission*_____
John M. Guaragna
Brian K. Erickson
DLA PIPER
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel:  (512) 457-7000
Fax:  (512) 457-7001
John.Guaragna@dlapiper.com
Brian.Erickson@dlapiper.com

**ATTORNEYS FOR DEFENDANT
CLAIRE'S BOUTIQUES, INC.**


*/s/ Tonya M. Gray w/ permission*_____
Tonya M. Gray
Texas Bar No. 24012726
Gerald C. Conley
Texas Bar No. 04664200
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Tel:  (214) 659-4400
Fax:  (214) 659-4401
tonyagray@andrewskurth.com
geraldconley@andrewskurth.com

**ATTORNEYS FOR DEFENDANTS
ANN TAYLOR STORES CORPORATION
AND ANN TAYLOR RETAIL, INC.**


*/s/   Jason W. Cook*_____
Jason W. Cook (SB No. 24028537)
Stacey G. White (SB No. 24053220)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Dallas, TX 75201
Phone: 214-922-3400
Fax: 214-922-3899
jason.cook@alston.com
stacey.white@alston.com

462484.1                                              7

>-and-
>
>William H Baker  (Pro Hac Vice)
>ALSTON & BIRD LLP
>90 Park Avenue
>New York, NY 10016-1387
>Phone: 212-210-9487
>Fax: 212-210-9444
>bill.baker@alston.com
>
>**ATTORNEYS FOR DEFENDANTS NEW YORK & COMPANY, INC., LERNER NEW YORK, INC., AND RADIOSHACK CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 19th day of August, 2010.

>  */s/ Melvin R. Wilcox*
>  Melvin R. Wilcox