THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. Ethernet Innovations, LLC, | ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| AT&T Mobility, LLC; Barnes & Noble, Inc.; Claire's Stores, Inc.; Claire's Boutiques, Inc.; J.C. Penney Company, Inc.; Sally Beauty Holdings, Inc.; Home Depot U.S.A., Inc.; Ann Taylor Stores Corporation; Ann Taylor Retail, Inc. Harley-Davidson, Inc.; Harley-Davidson Motor Company, Inc.; Kirkland's Inc.; Kirkland's Stores, Inc.; Macy's, Inc.; Macy's Retail Holdings, Inc.; Macy's West Stores, Inc.;  New York & Company, Inc.; Lerner New York, Inc.; RadioShack Corporation; Rent-A-Center, Inc.; Target Corporation; and The Dress Barn, Inc. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 6:10-cv-86 LED-JDL<br><br>Jury Trial Demanded |
| *Defendants.* | ) | |

**CUSTOMER DEFENDANTS' MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................1

II.    FACTS ................................................................................................................1

III.    LEGAL STANDARD...........................................................................................3

IV.    ARGUMENT ......................................................................................................4

    A.    At the Time This Suit Was Filed, Jurisdiction Existed in the Northern District of California ................................................................................4

    B.    The Northern District of California is a Clearly More Convenient Forum ............5

        1.    The Public Interest Factors Clearly Weigh in Favor of a Transfer to the Northern District of California.............................................5

        2.    The Private Interest Factors Clearly Weigh in Favor of a Transfer to the Northern District of California........................................9

V.    CONCLUSION..................................................................................................12

EAST\43482867.2

# TABLE OF AUTHORITIES

## Cases

*Balthasar Online, Inc. v. NetworkSolutions, LLC*,
654 F. Supp. 2d 546 (E.D. Tex. 2009) ...................................................................... 5

*Hoffman v. Blaski*,
363 U.S. 335 (1960) ...................................................................................................... 5

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) .............................................................................. 3, 11

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) .............................................................................. 8, 11

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009) .................................................................................. 11

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) .................................................................................... 3

*In re Volkswagen AG*,
317 F.3d 201 (5th Cir. 2004) ..................................................................................... 3, 4

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ........................................................................................ 3

*In re Volkswagen of Am., Inc.*,
566 F.3d 1349 (Fed. Cir. 2009) ................................................................................. 3, 4

*In re Zimmer Holdings, Inc.*,
609 F.3d 1378 (Fed. Cir. 2010) .................................................................................... 9

*Invitrogen Corp. v. Gen. Elec. Co.*,
No. 6:08-cv-112, 2009 WL 331891 (E.D. Tex. Feb. 9, 2009) ..................................... 4

*J2 GlobalCommc'n, Inc. v. Proctus IP Solutions, Inc.*,
No. 6:08-cv-211, 2009 WL 440525 (E.D. Tex. Feb. 20, 2009) ................................... 4

*Regents of Univ. of Cal. v. Eli Lilly & Co.*,
119 F.3d 1559 (Fed. Cir. 1997) .................................................................................... 4

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
Civ. Action No. 6:09-cv-448, 2010 WL 2771842 (E.D. Tex. July 13, 2010) ................. passim

*Zions Bancorporation v. U.S. Ethernet Innovations, LLC*,
3:10-cv-03481 (N.D. Cal.) ................................................................................... 1, 2, 7

*Zoltar Satellite Sys., Inc. v. LG Electronics Mobile Commc'ns Co.*,
402 F. Supp.2d 731 (E.D. Tex. 2005) ........................................................................ 4, 6

## Statutes

28 U.S.C. § 1400(b) ......................................................................................................... 5

28 U.S.C. § 1404(a) ...................................................................................................... 1, 3

ii

28 U.S.C. §§ 1391(b)-(c) ................................................................................................ 5

35 U.S.C. § 287 ............................................................................................................. 10

EAST\43482867.2

The Customer Defendants jointly move pursuant to 28 U.S.C. § 1404(a) to transfer this action from the United States District Court for the Eastern District of Texas to the United States District Court for the Northern District of California.[1]

## I.    INTRODUCTION

This case should be transferred to the Northern District of California—the home of a substantial list of third-party witnesses and the presiding district that extensively litigated three of the four patents-in-suit in a prior patent litigation and jury trial.[2]  This Court recently held that these considerations warranted transfer in a related case involving the same plaintiff and the same patents-in-suit.  *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civ. Action No. 6:09-cv-448 ("the *Acer* action"), 2010 WL 2771842, at *6-10 (E.D. Tex. July 13, 2010) ("*Transfer Order*").[3] The facts relied upon by this Court in the *Transfer Order* apply with at least equal force to the instant action.   Indeed, judicial economy favors transfer more strongly in this case, as the Northern District of California is the home of two other co-pending cases involving the very same patents.  *Id.*; *Zions Bancorporation v. U.S. Ethernet Innovations, LLC*, 3:10-cv-03481 (N.D. Cal.).

## II.   FACTS

The relevant facts are simple and straightforward.  This case is in its initial stages.  On March 10, 2010, U.S. Ethernet Innovations, LLC ("USEI") filed suit against AT&T Inc.,[4] Barnes & Noble, Inc., Claire's Stores, Inc., J. C. Penney Company, Inc., Sally Beauty Holdings, Inc.,

---

[1] AT&T Mobility, LLC will be filing a separate Motion to Transfer seeking the same relief.

[2] *3Com Corp. v. D-Link Systems, Inc.*, Civil Action No. C 03-2177-VRW ("*3Com* action").

[3] Plaintiff sought reconsideration of the Transfer Order, which the Court denied.  In doing so, the Court reaffirmed that the Northern District of California is the "clearly more convenient" forum. *See* Acer Action, No. 6:09-cv-448, Docket #348, at 4.

[4] AT&T Inc. was later substituted with AT&T Mobility, LLC.  (Dkt. No. 51).

and Home Depot U.S.A., Inc.  In its Complaint, USEI accused these retailers of infringing one or more of four patents—U.S. Patent Nos. 5,434,872; 5,732,094; 5,307,459; and 5,299,313 (the "patents-in-suit")—but failed to identify the products accused of infringement.  (Dkt. No. 1). These defendants moved to dismiss the Complaint for failure to state a claim (Dkt. No. 48), and USEI filed an Amended Complaint on May 19, 2010, naming an additional sixteen defendants (Dkt. No. 64).  All defendants then moved to dismiss the Amended Complaint (Dkt. Nos. 76 & 134), and these motions are currently pending.  No defendant has answered, the Court has yet to order a scheduling conference, and discovery has not begun.

There are two other pending cases that involve USEI and these same four patents.  One of these was recently filed in the Northern District of California.  *Zions Bancorporation v. U.S. Ethernet Innovations, LLC*, 3:10-cv-03481 (N.D. Cal.) (filed Aug. 9, 2010).  The other co-pending case—the *Acer* action—this Court recently transferred to the Northern District of California. *Transfer Order*, 2010 WL 2771842, at *6-10.  The Court's *Transfer Order* relies upon the significant judicial economy to be achieved by transfer, as three of the four patents-in-suit have already been extensively litigated in the Northern District of California.  From 2003 to 2008, 3Com Corporation ("3Com")[5] pursued a patent infringement lawsuit against D-Link and Realtek in the Northern District of California before Magistrate Judge Bernard Zimmerman and District Judge Vaughan Walker.  *3Com Corp. v. D-Link Systems, Inc.*, Civil Action No. C 03-2177-VRW ("*3Com* action").  During the course of that case, Judge Walker construed the asserted patents, presided over a two week jury trial, and handled post-trial motions.  *Transfer Order*, 2010 WL 2771842, at *1.

The salient facts here are nearly identical to those identified by the defendants in the *Acer*

---

[5] 3Com is a predecessor-in-interest of the patents-in-suit.

action ("the Acer defendants").  Rather than burdening the court by reiterating those facts, the Customer Defendants incorporate by reference the Acer defendants' Joint Motion to Transfer Venue and Reply in Support of Defendants' Motion to Transfer Venue.[6]

## III.   LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Here, Fifth Circuit precedent governs the standard for deciding motions to transfer venue.  *In re Volkswagen of Am., Inc.* ("Volkswagen III"), 566 F.3d 1349, 1351 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1341 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319–21 (Fed. Cir. 2008) (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this circuit); *In re Volkswagen of Am., Inc.* ("Volkswagen II"), 545 F.3d 304 (5th Cir. 2008) (en banc).  Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff.  *Volkswagen II*, 545 F.3d at 315.

Under that precedent, there is a two-part test for deciding motions to transfer venue.  The first part of the test is whether the claim could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG* ("Volkswagen I"), 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), the moving party must show "good cause" for transfer, and this burden is satisfied "[w]hen the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 315.  When examining whether a movant has satisfied its burden, the court examines several private and public interest factors, none of which are given dispositive weight.  *Volkswagen I*, 371 F.3d at 203.

---

[6] *Acer Action*, Civ. Action No. 6:09-cv-448, Dkt. Nos. 135 & 195, respectively.

3

The Court considers private interest factors such as: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. The Court considers public interest factors such as: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local interests decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Transfer Order*, 2010 WL 2771842, at *2 (citing *Volkswagen I*, 371 F.3d at 203).

"Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result."  *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (internal quotation omitted); *Volkswagen III*, 566 F.3d at 1351.  Courts in the Eastern District of Texas "have consistently recognized the pronounced significance of judicial economy in the § 1404(a) analysis in patent cases." *Transfer Order*, 2010 WL 2771842, at *3; *see also Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-cv-112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 9, 2009); *J2 Global Commc'n, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-cv-211, 2009 WL 440525 at *5–6 (E.D. Tex. Feb. 20, 2009); *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp.2d 731, 736–37 (E.D. Tex. 2005) (transferring case to court which had previously construed three of the four patents at issue and presided over a three week jury trial).  In patent litigation in particular, a transferee court's familiarity with the issues and facts is a consideration that weighs in favor of transfer. *See Transfer Order*, 2010 WL 2771842, at *6–8.

## IV.   ARGUMENT

### A.   At the Time This Suit Was Filed, Jurisdiction Existed in the Northern District of California

When considering a motion to transfer venue under section 1404(a), the first "threshold"

determination is whether the plaintiff's claims could have been brought in the proposed

transferee district. *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 549

(E.D. Tex. 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)).   Here, this

requirement is easily satisfied.   All of the Customer Defendants sell nationwide, and each of the

Customer Defendants sell products throughout California, including within the Northern District.

(Papastavros Decl. ¶ 2).   As demonstrated by the facts established in the declarations attached

hereto, the Customer Defendants are each subject to personal jurisdiction in the Northern District

of California, and venue is proper in that district.   *See* 28 U.S.C. §§ 1391(b)-(c); § 1400(b).

Because this case could have been brought in the Northern District of California, this threshold

determination is met.

      **B.**     **The Northern District of California is a Clearly More Convenient Forum**

      **1.**     **The Public Interest Factors Clearly Weigh in Favor of a Transfer to the Northern District of California**

      **a.**     **Judicial Economy**

In the *Acer* action, this Court held that considerations of judicial economy "strongly

favor" transferring the case to the Northern District of California.   *Transfer Order*, 2010 WL

2771842, at *8.   In its analysis, this Court noted that the previous *3Com* action "required a

substantial investment of judicial resources" by the Northern District of California including "a

two week jury trial that considered questions of invalidity, infringement, and damages and

resulted in 785 docket entries in the PACER index."   *Id.* at *7.   "Transferring the case to the

Northern District of California not only eliminates the need for [the Eastern District of Texas] to

become educated on the patents and the technology, but it also preserves the transferee court's

familiarity with the technology surrounding NICs."   *Id.*

For the same reasons, judicial economy strongly favors transfer of this case.   The patents-

in-suit in this action are identical to the patents-in-suit in the *Acer* action.  As in the *Acer* action, the Northern District of California has invested substantial judicial resources in learning the technology surrounding NICs (the technology described by all four patents-in-suit) and considering various legal issues particular to at least three of the patents-in-suit.  *Transfer Order*, 2010 WL 2771842, at *7; *see Acer Action*, 6:09-cv-448, Joint Motion to Transfer Venue, Dkt. No. 135 at 12-13 (identifying various legal issues addressed in *3Com* action).  Yet another similarity with the *Acer* action is that USEI has not—and cannot—identify "'specific significant differences' between the technology at issue in this case and the technical disputes in the *3Com* action."  *Transfer Order*, 2010 WL 2771842, at *7; *see Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 735-36 (E.D. Tex. 2005).

        In fact, now that the *Acer* action has been transferred, the judicial economy of transferring this case has increased significantly.  USEI conceded this in its response to the Acer Defendants' Motion to Transfer Venue.  *Acer Action*, 6:09-cv-448, Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue, Dkt. No. 174.  USEI acknowledges that proceeding with these two co-pending cases in one district presents "tremendous opportunities for judicial economy."  *Id.* at 13.  If these cases proceed in different districts, "two courts would be forced to undertake duplicative work—decreasing judicial economy and increasing party costs, while increasing the risk of inconsistent adjudication."  *Id.*  USEI believes[7] that the *Acer* action and the instant case "involv[e] the same plaintiff, the exact same patents, and nearly identical underlying issues."  *Id.*  The Customer Defendants agree with USEI that this consideration is a "'paramount factor' [that] weighs heavily" in the transfer analysis.  Thus, by USEI's logic, judicial economy strongly favors transfer of the instant action to the Northern

---

        [7] Indeed, USEI originally sought to consolidate this case and the *Acer* action.  (Dkt. No. 24).

District of California with the *Acer* action.  Moreover, another case involving USEI and the very same four patents was recently filed in the Northern District of California, further indicating that the Northern District of California is the most efficient forum for resolving all three disputes. *See Zions Bancorporation v. U.S. Ethernet Innovations, LLC*, 3:10-cv-03481 (N.D. Cal.).

### b.      Localized Interests in Resolving Controversies

Both the Eastern District of Texas and the Northern District of California have a localized interest in resolving this controversy, and as a result, this factor is neutral.

Although the plaintiff has not identified the accused products,[8] the claims of the patents-in-suit demonstrate that the plaintiff's infringement allegations will ultimately focus on the components of the network interface controllers (or NICs) in as-yet-to-be-identified accused products.  These NICs are also central to the *Acer* action, and the four manufacturers of NICs who intervened in that case—Intel, NVIDIA, Marvell, and Atheros—each have a principal place of business in the Northern District of California.[9]  The Amended Complaint suggests that the accused products may include laptop computers, personal computers, and computer servers. (Dkt. No. 64, Am. Complaint, at ¶ 30).   As the *Acer* action involves all major computer manufacturers, it is highly likely that any accused laptop, desktop, or server product is sold by one or more of the *Acer* defendants, nearly all of whom have strong ties to the Northern District of California.  *Transfer Order*, 2010 WL 2771842, at *9.  As a result, the Northern District of California has a strong local interest because "the cause of action calls into question the work

---

[8]  As noted above, the Customer Defendants filed motions to dismiss the Amended Complaint for failure to state a claim that satisfies the pleading requirements.  USEI has yet to serve infringement contentions on the Customer Defendants.

[9]  *Acer Action*, 6:09-cv-448, Intel's Complaint in Intervention, Dkt. No. 226 at ¶ 2; *Acer Action*, 6:09-cv-448, NVIDIA's Complaint in Intervention, Dkt. No. 236 at ¶ 1; *Acer Action*, 6:09-cv-448, Atheros's Complaint in Intervention, Dkt. No. 266 at ¶ 1; *Acer Action*, 6:09-cv-448, Marvell's Complaint in Intervention, Dkt. No. 225 at ¶ 1.

and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

The Eastern District of Texas, on the other hand, has limited interest in this controversy. As explained above, the research or development of the technology at issue did not occur in the Eastern District of Texas. And, in fact, the Customer Defendants are aware of no manufacturer of NICs that has a principal place of business in this district. In addition, the Customer Defendants themselves hail from across the country, including Florida, Georgia, New York, Connecticut, Wisconsin, Tennessee, Ohio, Minnesota, and Texas. Of the twenty-two defendants named in this lawsuit, only three (J.C. Penney, Sally Beauty, and Rent-A-Center) have a principal place of business in the Eastern District of Texas. (Dkt. No. 64, Am. Complaint, at ¶¶ 5–19). But, even for these defendants, this district's local interest in the case is minimal. USEI's Amended Complaint asserts that the Customer Defendants infringe the patents-in-suit "by <u>using</u> products and devices that embody the patented inventions." (*Id.* at ¶ 30 (emphasis added)). Thus, it appears that the defendants' place of business is largely irrelevant to any relevant research or design. *See Transfer Order*, 2010 WL 2771842, at *8 (indicating that the location of the research and design of accused products gives that district a local interest). As a result, the principal place of business of these three defendants only slightly militates against transfer. In addition, although USEI has minimal recent connections to the Eastern District of Texas, this connection was created two weeks before the complaint was filed in the *Acer* action and a mere five months before filing the complaint in this case. (Papastavros Decl. ¶ 3). The Federal Circuit has recently—and clearly—held that establishing a principal place of business in a district shortly before filing suit does not create a local interest. *In re Zimmer Holdings, Inc.*, 609 F.3d

8

1378, 1381-82 (Fed. Cir. 2010) (characterizing the district's interest as a "legal fiction").

### c.    Neutral Public Interest Factors

The remaining factors (court congestions, conflict of laws, and familiarity with governing laws) are neutral, and thus, will not be addressed in great detail.   In the *Acer* action, this Court found that the court congestion factor is neutral because the faster time to trial in the Eastern District of Texas is offset by Judge Walker's familiarity with the technology and patents-at-issue. *Transfer Order*, 2010 WL 2771842, at *8.   The same analysis applies with equal force to this case.   In addition, as the Court noted in the *Acer* action, both the Northern District of California and the Eastern District of Texas are familiar with patent law and there is no possibility of a conflict of laws issue.   *Id.* at *9.   As a result, these three public interest factors are neutral and weigh neither in favor of nor against transfer.

### 2.    The Private Interest Factors Clearly Weigh in Favor of a Transfer to the Northern District of California

Like the public interest factors, the private interest factors weigh strongly in favor of the Northern District of California.   First and foremost, an extensive list of third-party witnesses are believed to reside in the Northern District of California.   *Transfer Order*, 2010 WL 2771842, at *9-10.   None are known to reside in the Eastern District of Texas.   *Id.* at *9.   Given the circumstances of this case, the considerations relating to these third-party witnesses dominate the private interest analysis.

At least two of the four named inventors of the patents-at-issue, including the "lead" inventor on the patents-in-suit, reside in the Northern District of California.   (Papastavros Decl. ¶¶ 4-6).   Lai-Chin Lo, a named inventor of the '459 and '313 patents, is also believed to reside in or near the Northern District of California.   (Papastavros Decl. ¶¶ 4, 7).   The prosecuting attorney as to all four patents, Mark A. Haynes, resides in the Northern District of California, as

does attorney Kent R. Richardson, who assisted in the prosecution of at least the '094 patent. (Papastavros Decl. ¶ 8).  Annette Davis, a former 3Com engineer who testified during the *3Com* action regarding 3Com's compliance with the marking requirements of 35 U.S.C. § 287, resides in the Northern District of California.  (Papastavros Decl. ¶¶ 9-10).  And Scott Mitchell, another 3Com engineer identified as having knowledge regarding 3Com's marking practices, also resides in the Northern District of California.  (Papastavros Decl. ¶¶ 9, 11).

Key witnesses relevant to the prior art that was asserted against the patents-in-suit in the *3Com* action also currently reside in the Northern District of California.  For example, Farzin Firoozmand was an inventor of multiple patents cited during the prosecution of the patents-in-suit, including one reference that the examiner found anticipated several independent claims of the '872 patent.  (Papastavros Decl. ¶ 12).  Mr. Firoozmand provided testimony during the *3Com* action concerning the conception and development of a prior art high-speed network interface device by Advanced Micro Devices, Inc. (AMD), as did another AMD engineer, Gururj Singh. (Papastavros Decl. ¶ 13).  Both of these witnesses currently reside in the Northern District of California, and AMD's corporate headquarters (presumably the repository for the relevant documents related to AMD's prior art) is also located in the Northern District of California. (Papastavros Decl. ¶ 14).  Furthermore, the Intervenors in the *Acer* action, who are third parties to this action and manufacturers of NICs, are all located within the Northern District of California.

Given the location of these third-party witnesses, the private interest factors weigh heavily in favor of transfer to the Northern District of California.  First, the Northern District of California has absolute subpoena power over these third-party witnesses and documents.  *See Transfer Order*, 2010 WL 2771842, at *9 ("[T]here is a greater likelihood that the transferee

10

district will enjoy absolute subpoena power over at least some non-party witnesses."). This fact "weighs in favor of transfer, and not only slightly." *Genentech*, 566 F.3d at 1345; *see In re Hoffman-La Roche, Inc.*, 587 F.3d, at 1338 (transfer favored where the transferor district had absolute subpoena power over no witnesses and the transferee district had "absolute subpoena power over at least four non-party witnesses.").

Second, the convenience of and cost of attendance to willing third-party witnesses is an important factor favoring transfer. *In re Nintendo Co.*, 589 F.3d 1194, 1198-1199 (Fed. Cir. 2009); *Genentech*, 566 F.3d at 1342-43. As explained above, several former employees, prior art witnesses, inventors, prosecuting attorneys, and third-party chip manufacturers are located in the Northern District of California. If this case proceeds in the Eastern District of Texas rather than the Northern District of California, these key witnesses will be substantially inconvenienced by having to travel over 1,200 miles to attend trial in this District. (Papastavros Decl. ¶ 15); *see e.g., In re Nintendo*, 589 F.3d at 1199 (finding this factor clearly favors transfer because no witnesses live in Texas and key domestic witnesses would have to travel over 1,000 miles).

Moreover, in this case, party witnesses and documents are likely to play a less important role than third-party discovery. As noted above, the claims of the patents-in-suit center on the network interface controllers (NICs) in the as-yet-to-be-identified accused products. None of the Customer Defendants are involved in the design or manufacture of NICs, and as a result, the bulk of the evidence relevant to an infringement analysis will come from the manufacturers of accused NICs. Although it is not known which NICs will be accused in this case, at least four identified manufacturers of NICs have a principal place of business in the Northern District of California (*see supra* footnote 9), and no NIC manufacturers or designers are known to reside in the Eastern District of Texas. The location of these third-party NIC manufacturers (and, their

11

relevant witnesses and documents) weighs in favor of transfer.  Even assuming *arguendo* that the

location of the party witnesses for the three Eastern District of Texas-based defendants weighed

slightly against transfer, transfer is ultimately favored because the convenience to non-party

witnesses is accorded greater weight.  *Transfer Order*, 2010 WL 2771842, at *9 ("In assessing

the convenience of all parties and witnesses, it is the convenience of non-party witnesses that is

accorded greater weight.").  As a result, the private interest factors strongly favor transfer of this

case.

## V.      CONCLUSION

For all of the foregoing reasons, the Customer Defendants respectfully request that the

Court transfer this case to the Northern District of California.


Dated: September 3, 2010                              Respectfully submitted,


                                                      /s/  *Nicholas G. Papastavros*
                                                      Elizabeth L DeRieux
                                                      CAPSHAW DERIEUX, LLP
                                                      1127 Judson Road, Ste 220
                                                      Longview, TX 75601-5157
                                                      Tel: 903-233-4826
                                                      Fax: 903-236-8787
                                                      ederieux@capshawlaw.com

                                                      Nicholas G. Papastavros
                                                      DLA Piper LLP (US)
                                                      33 Arch Street, 26th Floor
                                                      Boston, MA  02110-1447
                                                      Tel: 617-406-6019
                                                      Fax: 617-406-6119
                                                      nick.papastavros@dlapiper.com

                                                      Melissa A. Reinckens
                                                      DLA Piper LLP (US)
                                                      1251 Avenue of the Americas
                                                      New York, NY  10020
                                                      Tel: 212-335-4798

Fax: 917-778-8798
melissa.reinckens@dlapiper.com

**Counsel for Home Depot U.S.A., Inc.**


/s/    *Jason W. Cook (w/permission)*
Jason W. Cook
Stacey White
Derek Neilson
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3899
jason.cook@alston.com
stacey.white@alston.com

William H Baker
ALSTON & BIRD LLP
90 Park Avenue, 12th Floor
New York, NY 10016-1387
Tel: 212-210-9487
Fax: 212-210-9444
bill.baker@alston.com

Robert L. Lee
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, Georgia  30309-3424
Tel: 404-881-7635
Fax: 404-253-8277
bob.lee@alston.com

**Counsel for Barnes & Noble, Inc.**


/s/  *Brian K. Erickson (w/permission)*
John M Guaragna
Brian Erickson
DLA Piper LLP (US)
401 Congress Ave, Suite 2500
Austin, TX 78701-3799
Tel: 512-457-7125

EAST\43482867.2

Fax: 512-457-7001
john.guaragna@dlapiper.com
brian.erickson@dlapiper.com

***Counsel for Claire's Boutiques, Inc.***


/s/  *Tonya M. Gray (w/permission)*
Tonya M. Gray
Texas Bar No. 24012726
Gerald C. Conley
Texas Bar No. 04664200
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
Telephone: (214) 659-4400
Facsimile:  (214) 659-4401
geraldconley@andrewskurth.com
tonyagray@andrewskurth.com


Diane K. Lettelleir
Senior Managing Counsel - Litigation
JC PENNEY CORPORATION,  INC
6501 Legacy Drive
M/S 1122
Plano, TX 75024-8208
Tel: 972-431-5012
Fax: 972-431-1133 or 1134
dlettell@jcpenney.com

***Counsel for J. C. Penney Company, Inc.***


/s/  *Tonya M. Gray (w/permission)*
Tonya M. Gray
Texas Bar No. 24012726
Gerald C. Conley
Texas Bar No. 04664200
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
Telephone: (214) 659-4400
Facsimile:  (214) 659-4401
geraldconley@andrewskurth.com
tonyagray@andrewskurth.com


***Counsel for Ann Taylor Stores Corporation
and Ann Taylor Retail, Inc.***

14

/s/___ *Jason W. Cook (w/permission)*
Jason W. Cook
Stacey White
Derek Neilson
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3899
jason.cook@alston.com
stacey.white@alston.com

William H Baker
ALSTON & BIRD LLP
90 Park Avenue, 12th Floor
New York, NY 10016-1387
Tel: 212-210-9487
Fax: 212-210-9444
bill.baker@alston.com

Robert L. Lee
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, Georgia  30309-3424
Tel: 404-881-7635
Fax: 404-253-8277
bob.lee@alston.com

**Counsel for Sally Beauty Holdings, Inc.**

/s/ *Wendee Hilderbrand (w/permission)*
G. Scott Thomas
Wendee Hilderbrand
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
Tel:  615-742-6200
Fax:  615-742-2743
sthomas@bassberry.com

15

whilderbrand@bassberry.com

**Counsel for Kirkland's Inc. and. Kirkland's Stores, Inc.**


/s/ _Anthony F. LoCicero (w/permission)_
Richard S. Mandaro
Anthony F. LoCicero
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Tel:  212-336-8000
Fax: 212-336-8001
rmandaro@arelaw.com
alocicero@arelaw.com

Melvin R. Wilcox, III
Texas Bar No. 21454800
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Tel: 903-595-1133
Fax: 903-595-0191
mrw@yw-lawfirm.com

**Counsel for Macy's, Inc., Macy's Retail Holdings, Inc., and Macy's West Stores, Inc.**


/s/___ _Jason W. Cook (w/permission)_
Jason W. Cook
Stacey White
Derek Neilson
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3837
jason.cook@alston.com
stacey.white@alston.com

16

William H. Baker
New York Bar No. 4306163
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9487
Fax: 212-922-3888
bill.baker@alston.com

***New York & Company, Inc. and Lerner New York***


/s/    *Jason W. Cook (w/permission)*
Jason W. Cook
Stacey White
Derek Neilson
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3837
jason.cook@alston.com
stacey.white@alston.com


William H. Baker
New York Bar No. 4306163
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9487
Fax: 212-922-3888
bill.baker@alston.com

***RadioShack Corporation***


/s/ *Jeffrey F. Yee (w/permission)*
Dwayne L. Mason
Texas Bar  No. 00787977
Ira R. Hatton
Texas Bar No. 24054282
GREENBERG TRAURIG, LLP

17

1000 Louisiana Street,
Suite 1700
Houston, Texas 77002
Tel: 713-374-3601
Fax: 713-754-6605
masondl@gtlaw.com
hattoni@gtlaw.com

Jeffrey K. Joyner
Jeffrey F. Yee
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Tel: 310-586-7700
Fax: 310-586-7800
joynerj@gtlaw.com
yeej@gtlaw.com

**Counsel for Rent-A-Center, Inc.**


/s/__Melissa Richards Smith (w/permission)
Jeffrey L. Eichen
CONNOLLY BOVE LODGE & HUTZ LLP
P.O. Box 2207
Wilmington, DE  19899
Tel:  302-888-6304
Fax:  302-656-9072
jeichen@cblh.com

Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: 903-934-8450
Fax: 903-934-9257
Melissa@gillamsmithlaw.com

**Counsel for The Dress Barn, Inc.**


/s/_V. Bryan Medlock, Jr. (w/permission)
V. Bryan Medlock, Jr.
Christopher J. Renk
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000

18

Chicago, IL  60606
Tel: 312-463-5000
Fax: 312-463-5001
bmedlock@bannerwitcoff.com
bwright@bannerwitcoff.com
crenk@bannerwitcoff.com

Bradley C. Wright
Joseph M. Potenza
H. Wayne Porter
BANNER & WITCOFF, LTD.
1100 13th Street, NW, Suite 1200
Washington, DC  20005-4051
Tel:  202-824-3160
Fax:  202-824-3001
bwright@bannerwitcoff.com
jpotenza@bannerwitcoff.com
wporter@bannerwitcoff.com

***Counsel for Harley-Davidson, Inc. and
Harley-Davidson Motor Company, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 3rd day of September, 2010.

*/s/Nicholas G. Papastavros*
Nicholas G. Papastavros

## CERTIFICATE OF CONFERENCE

Counsel for Defendants have conferred with counsel for Plaintiff on August 24, 2010, and Plaintiff is opposed to the relief requested.

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros