THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,              )<br>                 )<br>    *Plaintiff,*              )<br>                 )<br>    v.              )<br>                 )<br>AT&T Mobility, LLC; Barnes & Noble,              )<br>Inc.; Claire's Boutiques, Inc.; J.C. Penney              )<br>Company, Inc.; Sally Beauty Holdings, Inc.;              )<br>Home Depot U.S.A., Inc.; Ann Taylor              )<br>Stores Corporation; Ann Taylor Retail, Inc.              )<br>Harley-Davidson, Inc.; Harley-Davidson              )<br>Motor Company, Inc.; Kirkland's Inc.;              )<br>Kirkland's Stores, Inc.; Macy's, Inc.;              )<br>Macy's Retail Holdings, Inc.; Macy's West              )<br>Stores, Inc.;  New York & Company, Inc.;              )<br>Lerner New York, Inc.; RadioShack              )<br>Corporation; Rent-A-Center, Inc.; and The              )<br>Dress Barn, Inc.              )<br>                 )<br>    *Defendants.*              )<br>                 ) | Civil Action No. 6:10-cv-86 LED-JDL<br><br>Jury Trial Demanded |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants[1] submit this Reply in further support of their Motion to Transfer Venue, filed on September 3, 2010. *See* Dkt. No. 156.

## I. PROCEDURAL BACKGROUND

This case is one of four cases involving the same patents alleged to be owned by Plaintiff, U.S. Ethernet Innovations, LLC ("USEI"). The other three cases, including one just recently transferred by this Court, all involve or involved virtually identical factual and legal issues and either have been or will be adjudicated by the United States District Court for the Northern District of California ("N.D. Cal. Court").[2] This suit should be transferred to California as well.

This action was originally filed on March 10, 2010 against just seven (7) of the twenty-two (22) Customer Defendants. *See* Dkt. No. 1. The other fifteen (15) Customer Defendants were not added until May 19, 2010 by way of an Amended Complaint. *See* Dkt. No. 64. Notably, the Amended Complaint was filed *after* the defendants in the Manufacturer Case had moved to transfer venue to the N.D. Cal. Court. The Amended Complaint named six (6) corporate entities that are obviously related to other named Customer Defendants.[3] Three of those defendants (Ann Taylor Stores Corporation, Macy's, Inc. and New York & Company, Inc.)

---

[1] This Reply is submitted on behalf of all currently-named defendants *except for* AT&T Mobility, LLC, which has filed its own Motion to Transfer and Reply in support thereof. *See* Dkt. Nos. 157, 164. "Customer Defendants" is used herein to refer to all currently-named defendants, *including* AT&T Mobility, LLC.

[2] The first case, *3Com Corp. v. D-Link Sys., Inc.*, Civ. Action No. 3:03-cv-2177-VRW, was litigated between 2003 and 2008 before the United States District Court for the Northern District of California ("N.D. Cal. Court"). The second case, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civ. Action No. 6:09-cv-448-JDL ("Manufacturer's Case"), was recently transferred by this Court to the N.D. Cal. Court. The third case, *Zions Bancorporation v. U.S. Ethernet Innovations, LLC*, 3:10-cv-03481-CRB, was recently filed with the N.D. Cal. Court.

[3] The Amended Complaint named Ann Taylor Stores Corporation *in addition to* Ann Taylor Retail, Inc.; Harley-Davidson, Inc. *in addition to* Harley-Davidson Motor Company, Inc.; Kirkland's Inc. *in addition to* Kirkland's Stores, Inc.; Macy's, Inc. *in addition to* Macy's Retail Holdings, Inc. *in addition to* Macy's West Stores, Inc.; and New York & Company, Inc. *in addition to* Lerner New York, Inc. As set forth in the Customer Defendants' Motion to Dismiss filings, USEI's Amended Complaint makes no attempt to specify which infringing activities each of the Customer Defendants is alleged to have engaged in or to otherwise distinguish one Defendant's conduct from another's. *See* Dkt. Nos. 134, 154.

are mere holding companies of other defendants. On September 3, 2010, all twenty-two (22) Customer Defendants moved to transfer this case to the N.D. Cal. Court, where it can be adjudicated by the same court that has addressed or will address the other three related suits. *See* Dkt. Nos. 156-57.

In a three-and-one-half-page Response, USEI objected to the proposed transfer based solely upon generalized criticisms of the Declarations submitted on behalf of the five aforementioned groups of related corporate entities. *See* Dkt. No. 161. More importantly, USEI's challenges all focus on Customer Defendants that were not named in the original complaint (the time at which one must determine whether the suit could have originally been brought in California) and, indeed, were not made parties to this suit until May 19 (*after* a Motion for Change of Venue had been filed in the Manufacturer's Case). USEI did not (and cannot) refute that venue would be more convenient and proper in the N.D. Cal. Court, nor did it (or can it) assert facts showing that this suit could not have been originally brought in the N.D. Cal. Court. As set forth below, USEI's cursory Response is both legally and factually insufficient to overcome the compelling reasons for this case to be transferred to the N.D. Cal. Court.

## II.   ARGUMENT

### A.   USEI Implicitly Concedes That the N.D. Cal. Court Is a More Convenient and Appropriate Venue.

USEI's Response to the pending Motions to Transfer does not even attempt to refute the Customer Defendants' detailed analysis showing that venue is more convenient and proper in the N.D. Cal. Court. USEI thus concedes that judicial economy and other factors compel transfer to the N.D. Cal. Court.

### B. Any Alleged Defects in Declarations from Later-Named Defendants Are Irrelevant.

The "threshold" requirement relied upon by USEI only inquires whether this suit "might have been brought" in the proposed venue. *See* 28 U.S.C. § 1404(a). This inquiry must be based upon the parties and circumstances as they existed at the time the lawsuit was filed. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *accord Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1149 (5th Cir.1984) ("the words of § 1404 . . . direct the attention of the judge to the situation that existed when suit was brought"), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1163 n.25 (5th Cir. 1987); *Balthasar Online, Inc. v. Network Solutions, LLC*, No. 2:08-cv-430, at *4-5 & n.2 (E.D. Tex. July 30, 2009) (interim order addressing motion to transfer, finding that § 1404(a) inquiry looks to the "originally-named defendants").

Specifically, the "threshold" inquiry should not include parties that are added to the lawsuit ***after*** the original complaint. *See, e.g.*, *Kenwin Shops, Inc. v. Bank of La.*, 1999 WL 294800, at *3 (S.D.N.Y. May 11, 1999):

> If one looks to the time when the above actions were commenced in this district, it is plain that they could, at that time, have been filed in the [transferee district]. . . . The fact that [additional defendants] were made parties to the above action subsequent to the commencement of the actions is, under *Hoffman*, irrelevant.

*Id.*; *see also Medtronic, Inc. v. Am. Optical Corp.*, 337 F. Supp. 490, 494 (D. Minn. 1971) ("Since § 1404(a) directs the Court's attention to the situation which existed when suit was instituted, the existence of a subsequently filed [claim] can have no bearing on the power of the Court to transfer the action.").

USEI has attacked the Declarations submitted on behalf of Customer Defendants that were added ***after*** this case was filed. Even if there is a defect with any of those Declarations, it is

3

thus irrelevant. At the time this suit was filed, and considering the originally-named Customer Defendants, this case absolutely *could* have been brought in the N.D. Cal. Court.

      **C.    USEI's Criticisms of the Customer Defendants' Original Declarations Are So Generic and Unsupported by Contrary Factual Argument That Any Deficiencies That May Have Existed Are Easily Cured by the Attached Supplemental Declarations.**

Not only are USEI's arguments directed at Declarations filed by parties that were not named in the original complaint (which are, therefore, legally irrelevant), but USEI's arguments are also factually unsupported and easily cured by the Supplemental Declarations submitted herewith. USEI cannot defeat an otherwise proper transfer by generically criticizing the specificity of certain Declarations – questioning *whether* jurisdiction exists for all of the Customer Defendants – but presenting absolutely no factually-supported argument that jurisdiction *does not* exist. As established collectively by the original and Supplemental Declarations, all of the Customer Defendants have sufficient contacts with the N.D. Cal. Court to subject them to personal jurisdiction for purposes of this case and/or have no operations at all that could subject them to a claim of infringement of the subject patent.[4] USEI has not even attempted to show otherwise.

      **D.    Even if Jurisdiction Over Later-Added Defendants Was Relevant and Lacking, Transfer Is Still Proper.**

Finally, even if the N.D. Cal. Court's jurisdiction over the subsequently-named Customer Defendants was relevant and lacking, transfer would still be proper. As stated in *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*,

> . . . a common-sense approach to applying 28 U.S.C. § 1404(a) requires that the phrase "where it might have been brought" not act as an absolute bar to transfer when the

---

[4] Defendants note that they need only present a *prima facie* case of jurisdiction in order to justify a motion to transfer. *See Balthasar*, 654 F. Supp. 2d at 551 (rejecting "preponderance of the evidence" test); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241-42 (5th Cir. 2008).

surrounding circumstances favor transfer to best serve convenience and/or the interests of justice, even when the plaintiff could not as a matter of right have brought the exact same case in the transferee district.

512 F. Supp. 2d 1169, 1174 (W.D. Wis. 2007); *see also Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 531 (7th Cir. 2002) ("[T]here is no absolute bar to the transfer of a multidefendant suit to a district in which one of the defendants cannot be served.").

Similar to the present case, the *Encyclopaedia Britannica* plaintiff included a retailer defendant for the purpose of defeating transfer to a district in which two related cases were pending. 512 F. Supp. 2d at 1174. The *Encyclopaedia Britannica* court noted that the defendant's "absence from the development and manufacturing of the allegedly infringing [product] places it in a position where it cannot defend against the infringement claims." *Id*. Moreover, in both this case and the *Encyclopaedia Britannica* case, the damages alleged to be attributable to the defendant in question (*i.e.* a non-selling, non-manufacturing defendant) would need to be offset by the damages pursued and recovered by other parties in the transferee forum. *Id*. at 1175. Under these circumstances, a common-sense application of 28 U.S.C. § 1404(a) does not prevent transfer to the most convenient and proper venue solely because an objecting plaintiff challenges that venue's jurisdiction over certain interrelated defendants. *Id*. at 1178.

### III. CONCLUSION

For the reasons set forth above, the Customer Defendants' Motions to Transfer should be granted.

Dated: October 13, 2010                              Respectfully submitted,

                                                     /s/ Jason W. Cook
                                                     Jason W. Cook
                                                     Stacey White
                                                     ALSTON & BIRD LLP

5

Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3899
jason.cook@alston.com
stacey.white@alston.com

William H. Baker
ALSTON & BIRD LLP
90 Park Avenue, 12th Floor
New York, NY 10016-1387
Tel: 212-210-9487
Fax: 212-210-9444
bill.baker@alston.com

Robert L. Lee
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, Georgia  30309-3424
Tel: 404-881-7635
Fax: 404-253-8277
bob.lee@alston.com

***Counsel for Barnes & Noble, Inc.***


/s/ John M. Guaragna
John M. Guaragna
Brian Erickson
DLA Piper LLP (US)
401 Congress Ave, Suite 2500
Austin, TX 78701-3799
Tel: 512-457-7125
Fax: 512-457-7001
john.guaragna@dlapiper.com
brian.erickson@dlapiper.com

***Counsel for Claire's Boutiques, Inc.***


/s/ Tonya M. Gray
Tonya M. Gray
Gerald C. Conley
ANDREWS KURTH LLP

6

1717 Main Street, Suite 3700
Dallas, TX 75201
Tel: 214-659-4400
Fax: 214-659-4401
tonyagray@andrewskurth.com
geraldconley@andrewskurth.com

Diane K. Lettelleir
Senior Managing Counsel - Litigation
JC PENNEY CORPORATION, INC
6501 Legacy Drive
M/S 1122
Plano, TX 75024-8208
Tel: 972-431-5012
Fax: 972-431-1133 or 1134
dlettell@jcpenney.com

***Counsel for J. C. Penney Company, Inc.***


/s/ Jason W. Cook
Jason W. Cook
Stacey White
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3899
jason.cook@alston.com
stacey.white@alston.com

William H Baker
ALSTON & BIRD LLP
90 Park Avenue, 12th Floor
New York, NY 10016-1387
Tel: 212-210-9487
Fax: 212-210-9444
bill.baker@alston.com

Robert L. Lee
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, Georgia  30309-3424
Tel: 404-881-7635

Fax: 404-253-8277
bob.lee@alston.com

Michael William Aiken
SALLY BEAUTY HOLDINGS, INC
3001 Colorado Boulevard
Denton, TX 76210
Tel: 940-297-4637
Fax: 940-297-4990
maiken@sallybeauty.com

*Counsel for Sally Beauty Holdings, Inc.*


/s/ Nicholas G. Papastavros
Elizabeth L DeRieux
CAPSHAW DERIEUX, LLP
1127 Judson Road
Ste 220
Longview, TX 75601-5157
Tel: 903-233-4826
Fax: 903-236-8787
ederieux@capshawlaw.com

Nicholas G. Papastavros
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Tel: 617-406-6019
Fax: 617-406-6119
nick.papastavros@dlapiper.com

Melissa A. Reinckens
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-335-4798
Fax: 917-778-8798
melissa.reinckens@dlapiper.com

*Counsel for Home Depot U.S.A., Inc.*

/s/ Tonya M. Gray
Tonya M. Gray
Gerald C. Conley
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
Tel: 214-659-4400
Fax: 214-659-4401
tonyagray@andrewskurth.com
geraldconley@andrewskurth.com

***Counsel for Ann Taylor Stores Corporation and Ann Taylor Retail, Inc.***


/s/ Wendee Hilderbrand
G. Scott Thomas
Wendee Hilderbrand
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: 615-742-6200
Fax: 615-742-2743
sthomas@bassberry.com
whilderbrand@bassberry.com

***Counsel for Kirkland's Inc. and. Kirkland's Stores, Inc.***


/s/ Richard S. Mandaro
Anthony F. Lo Cicero
Richard S. Mandaro
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Tel: 212-336-8000
Fax: 212-336-8001
rmandaro@arelaw.com
alocicero@arelaw.com

Melvin R. Wilcox, III
Texas Bar No. 21454800
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Tel: 903-595-1133
Fax: 903-595-0191
mrw@yw-lawfirm.com

***Macy's, Inc., Macy's Retail Holdings, Inc., and Macy's West Stores, Inc.***


/s/ Jason W. Cook
Jason W. Cook
Lead Attorney
Stacey G. White
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3837
jason.cook@alston.com
stacey.white@alston.com

William H. Baker
New York Bar No. 4306163
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9487
Fax: 212-922-3888
bill.baker@alston.com

***New York & Company, Inc. and Lerner New York, Inc.***

/s/ Jason W. Cook
Jason W. Cook
Lead Attorney
Stacey G. White
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue
Suite 3601
Dallas, TX 75201-2708
Tel: 214-922-3407
Fax: 214-922-3837
jason.cook@alston.com
stacey.white@alston.com

William H. Baker
New York Bar No. 4306163
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9487
Fax: 212-922-3888
bill.baker@alston.com

*RadioShack Corporation*


/s/ Jeffrey F. Yee
Dwayne L. Mason
Texas Bar  No. 00787977
Ira R. Hatton
Texas Bar No. 24054282
GREENBERG TRAURIG, LLP
1000 Louisiana Street,
Suite 1700
Houston, Texas 77002
Tel: 713-374-3601
Fax: 713-754-6605
masondl@gtlaw.com
hattoni@gtlaw.com

Jeffrey K. Joyner
Jeffrey F. Yee
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Tel: 310-586-7700
Fax: 310-586-7800
joynerj@gtlaw.com
yeej@gtlaw.com

*Rent-A-Center, Inc.*


/s/ Jeffrey L. Eichen
Jeffrey L. Eichen
CONNOLLY BOVE LODGE & HUTZ LLP
P.O. Box 2207
Wilmington, DE 19899
Tel: 302-888-6304
Fax: 302-656-9072
jeichen@cblh.com

Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: 903-934-8450
Fax: 903-934-9257
Melissa@gillamsmithlaw.com

*The Dress Barn, Inc.*


/s/ Bryan Medlock
V. Bryan Medlock, Jr.
Christopher J. Renk
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-463-5000
Fax: 312-463-5001
bmedlock@bannerwitcoff.com
bwright@bannerwitcoff.com
crenk@bannerwitcoff.com

Bradley C. Wright
Joseph M. Potenza
H. Wayne Porter
BANNER & WITCOFF, LTD.
1100 13th Street, NW, Suite 1200
Washington, DC 20005-4051
Tel: 202-824-3160
Fax: 202-824-3001
bwright@bannerwitcoff.com
jpotenza@bannerwitcoff.com
wporter@bannerwitcoff.com

*Harley-Davidson, Inc. and
Harley-Davidson Motor Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 13th day of October, 2010.

/s/ Wendee Hilderbrand